

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-49,780-03, WR-49,780-04, & WR-49,780-05

## EX PARTE CLIFFORD WAYNE TRAYLOR, Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. W97-13952Q(B), W97-13953Q(B), & W97-13954Q(B)
IN THE 204TH DISTRICT COURT
FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted three times of aggravated robbery and sentenced to twenty-eight years' imprisonment for each conviction. The Fifth Court of Appeals affirmed his convictions. *Taylor v. State*, Nos. 05-98-01264-CR, 05-98-01265-CR, & 05-98-01266-CR (Tex. App.—Dallas Apr. 19, 2000) (not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that the Parole Board violated his due process rights by revoking his parole without giving him a final parole revocation hearing and by failing to give

him a written statement detailing the evidence relied upon and the reasons for revoking his parole. Applicant has alleged facts that, if true, might entitle him to relief. *Morrissey v. Brewer*, 408 U.S. 471 (1972). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is receiving due process in the parole revocation proceedings. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: September 7, 2022
Do not publish